UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Luxottica Group, S.p.A., an Italian Corporation, § § § § *Plaintiff,* § § v. § § LuxyVIP Inc., Ahmad Yassin, Individually, Fatme Naboulsi, Individually, Fernanda Castro, Individually, Dana Yassin, Individually, and Hassan ("AHD") Addam, Individually, § § § § § § § § § § *Defendants.* § | Case No. 4:22-cv-02133 |

# ORDER ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Pending before the Court is an opposed motion, filed by Plaintiff Luxottica Group, S.p.A. ("Luxottica"), for entry of a protective order concerning the topics, location, and timing for the requested deposition of its corporate representative under Federal Rule of Civil Procedure 30(b)(6). Dkt. 35. The motion was referred to the undersigned judge. *See* Dkt. 36.

The Court addressed the issues at a hearing on September 27, 2023. Dkt. 37 (notice). After carefully considering Luxottica's motion, Dkt. 35, Defendants' response, Dkt. 38, the parties' arguments at the hearing, the record, and the applicable law, the Court grants Luxottica's motion for

protective order in part and denies it in part, as explained below.

Requests for information about documents. Topics 5, 6, 7, 11, 12, 13, and 14 embed requests for information contained in documents. Dkt. 35-2 at 4-5. Luxottica notes that it previously objected to producing those documents in response to Defendants' requests for production. *See* Dkt. 35 at 3-4. Yet Defendants did not seek to compel production of those documents. Defendants cannot work an end-run around Luxottica's objections by seeking information, through a Rule 30(b)(6) notice, about the same documents that Luxottica has already refused to produce. Moreover, as indicated below, many documents targeted by Defendants in these topics are irrelevant and disproportionate to the needs of this case. *See infra* (addressing limitations on subjects sought in Topics 3, 5, 7, 12, 13, 14, 15). Luxottica has shown good cause to preclude Defendants from requiring its Rule 30(b)(6) representative from testifying about the contents or identity of documents that properly were withheld from production.

Topic 3. Luxottica's objections to this topic are well-founded. *See* Dkt. 35 at 5. The wording of Topic 3 is vague and convoluted, which alone justifies rejecting it. *See, e.g., Krantz v. State Farm Fire & Cas. Co.*, 2016 WL 320148, at *3 (M.D. La. Jan. 25, 2016) (courts may limit Rule 30(b)(6) notice when the requested information is vague).

The Court also agrees with Luxottica that Topic 3 attempts to obtain

information that has no relevance to the issues in this case. In particular, Topic 3 alludes to the first sale rule, which provides that "[t]rademark law *generally* does not reach the sale of *genuine* goods bearing a true mark even though such sale is without the mark owner's consent." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading USA Co.*, 112 F.3d 1296, 1303 (5th Cir. 1997) (internal quotation marks omitted). An exception applies where "genuine, but unauthorized, imports differ materially from authentic goods for sale in the domestic market ...." *Id.* (internal quotation marks omitted). Topic 3 mentions this "material difference" exception to the first sale rule. *See* Dkt. 35-2 at 4.

The first sale rule, however, "applies only to identical *genuine* goods ...." *Martin's Herend Imports, Inc.*, 112 F.3d at 1303 (emphasis added). In fact, the Fifth Circuit scoffed that "[n]o one would argue ... that a seller of fake Rolex watches or Gucci bags, or pirated compact discs, could escape liability by showing that he was merely reselling the fakes after purchasing them from the manufacturer of the pirated works." *Id.*

Here, all of Luxottica's claims rest on the theory that Defendants sold counterfeit Ray-Ban products. *See* Dkt. 24 ¶¶ 2, 28-37, 41-59; *see also* 15 U.S.C. § 1127 (defining a "counterfeit" mark as a "spurious mark which is identical with, or substantially indistinguishable from" the plaintiff's mark). Luxottica has not raised—indeed, has explicitly disclaimed—any alternative theory

3

suggesting that Defendants should be liable for purchasing genuine Ray-Ban products through unauthorized channels. As a result, neither the first sale rule nor its exception applies. Information pertinent to those theories is therefore irrelevant and outside the allowable scope of discovery. *See* Fed. R. Civ. P. 26(b)(1). Topic 3 is stricken.

Topics 5, 7, and 15. Topics 5, 7, and 15 attempt to explore Luxottica's relationships and contractual agreements with authorized manufacturers, and whether those manufacturers are prohibited from re-selling the products or failed to meet Luxottica's quality control standards. The Court agrees with Luxottica that these topics improperly seek sensitive business information that is irrelevant to Luxottica's claims that Defendants' products with the Ray-Ban logo are counterfeit. *See* Dkt. 35 at 5-7. Because Topics 5, 7, and 15 are improper subjects for discovery, they are stricken.

Topics 6 and 9. These topics request information about Luxottica's "contentions" or its "reasons" for asserting that the individual defendants or Defendant Ahmad Yassin are liable for specific claims. *See* Dkt. 35-2 at 4-5. Although Luxottica contended that these topics improperly seek legal conclusions, Dkt. 35 at 8-9, Defendants have now clarified that Topics 6 and 9 are limited to information regarding the factual basis for Luxottica's claims, *see* Dkt. 38 at 14-15. As modified, Topics 6 and 9, are proper subjects for a Rule 30(b)(6) deposition. *See, e.g., Homeland Ins. Co. of N.Y. v. Clinical Pathology*

*Labs., Inc.*, 2022 WL 17421132, at *5 (W.D. Tex. Dec. 5, 2022) (Rule 30(b)(6) deposition topic may request the factual basis for claims or defenses). Based on that modification, Luxottica's request to strike these topics is denied.

Topic 8. This topic has multiple subparts. Subparts (a), (d), (e), and (f) seek discoverable information; subparts (b) and (c) do not.

Subpart (a) requests that Luxottica's corporate representative explain the "meaning or significance" of information on barcodes placed on authentic Ray-Ban® products. Dkt. 35-3 at 5. Luxottica's own discovery responses put this information at issue by maintaining that the "barcodes/tags [of Defendants' products] do not conform in font *or content* to the barcodes/tags on authentic Ray-Ban products ...." Dkt. 35-3 at 4-5 (emphasis added) (response to Defendants' Interrogatory No. 3). Because Luxottica's position hinges on the content of barcodes on its authentic products, Topic 8(a) seeks relevant, discoverable information.

Subparts (b) and (c), however, are different. These topics request that Luxottica's corporate representative explain the "meaning or significance" of barcodes on *Defendants'* allegedly counterfeit products. *See* Dkt. 35-3 at 5. Given Luxottica's position that it had no hand in creating those barcodes on counterfeit items, the Court agrees that Luxottica should not be required to explain what those barcodes signify.

Subparts (d), (e), and (f) ask Luxottica to explain whether Defendants'

5

products, as depicted on various photographs, were made by Luxottica's authorized manufacturer or instead are counterfeit products. The photographs themselves, however, do not clearly depict the products. They provide an insufficient basis for Luxottica's representative to examine the products beforehand and adequately address these issues at the deposition.

To rectify this issue, the parties mutually agreed that Defendants will promptly send a sample (or samples) of the disputed products to Luxottica's counsel, who will provide the sample(s) to Luxottica's representative. Luxottica will provide Defendants sample(s) of its authentic product(s) that the representative will compare with Defendants' sample(s). Subject to these procedures, Luxottica's request to strike Topics 8(d), (e), and (f) is denied.

Topic 12. At the hearing, Luxottica withdrew its objection to Topic 12.

Topics 13 and 14. Luxottica argued that these requests for information about authentic, authorized Ray-Ban products returned or alleged to be counterfeit during 2020 through 2022 is both overbroad and seeks irrelevant information. Dkt. 35 at 11-12. Defendants responded that Luxottica put these facts at issue by asking Defendants' representative about customers who returned products, claiming they were counterfeit. Dkt. 38 at 20-21. This is too slender a reed to justify demanding information about Luxottica's product returns or complaints, worldwide, for a three-year period. Indeed, it is undisputed that Luxottica does not maintain this information, as many

returns and complaints are handled by third-party retailers. And even if some of this information lies within Luxottica's custody or control, the tangential relevance of the information is greatly outweighed by the undue burden and expense of gathering it. *See* Fed. R. Civ. P. 26(b)(1) (limiting discovery to matters that are "proportional to the needs of the case"). The Court grants Luxottica's request to strike Topics 13 and 14.

<u>Location of deposition</u>. At the hearing, the parties agreed to resolve their dispute over the location of the Rule 30(b)(6) deposition by conducting it virtually. Defendants' concerns over the need to provide sample products for the representative to examine are adequately addressed by sending the sample(s) to Luxottica's counsel, who will then provide the sample(s) to the representative in advance of the deposition.

<u>Date of deposition</u>. The parties agreed to schedule the Rule 30(b)(6) deposition on either October 12 or 13, 2023.

## Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff Luxottica Group, S.p.A.'s motion for entry of protective order regarding the Rule 30(b)(6) deposition (Dkt. 35).

Luxottica's request for protective order is **GRANTED** regarding

(1) all embedded requests in Topics 1, 5, 6, 7, 11, 12, 13, 14 for information contained in documents that Luxottica withheld, pursuant to objections, in response to Defendants'

      requests for production;

(2)    Topic 3;

(3)    Topics 5, 7, and 15;

(4)    Topics 8(b) and 8(c); and

(5)    Topics 13 and 14.

In all other respects, and subject to limitations and requirements detailed above, Luxottica's motion is **DENIED**.

Signed on September 27, 2023, at Houston, Texas.

                                                    */s/ Yvonne Y. Ho*

                                                    Yvonne Y. Ho
                                                    United States Magistrate Judge